UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAUL ANTONIO TADEO RAFAEL,<br><br>Petitioner,<br><br>v.<br><br>PLYMOUTH COUNTY CORRECTIONAL FACILITY and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | Civil Action No. 1:25-cv-13197-IT |

MEMORANDUM & ORDER

November 17, 2025

TALWANI, D.J.

Petitioner Raul Antonio Tadeo Rafael,[1] a native of El Salvador, has resided in the United States for eighteen years. Pet. ¶ 13 [Doc. No. 1]; Pet., Ex. B [Doc. No. 1-1]. He is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Plymouth County Correctional Institution in Plymouth, Massachusetts.[2] Pet. ¶ 2 [Doc. No. 1]; Resp'ts' Abbrev. Resp. 2 [Doc. No. 10].

On October 16, 2025, an immigration judge denied Petitioner's request for a custody redetermination pursuant to 8 C.F.R. § 1236 upon concluding that Petitioner is "subject to

---

[1] Petitioner is also referred to as "Raul Antonio Tadeo-Rafeal." See, e.g., Pet. ¶ 1 [Doc. No. 1]; id., Ex. A [Doc. No. 1-1].

[2] Neither Petitioner nor Respondent explicitly state that Petitioner entered the United States without inspection or indicate when such entry may have occurred, nor have they provided detail as to the circumstances of Petitioner's apparent arrest by U.S. Immigration and Customs Enforcement ("ICE").

mandatory detention." Pet., Ex. A [Doc. No. 1-1]. Now pending before the court is Petitioner's pro se Petition for Writ of Habeas Corpus [Doc. No. 1], in which he contends that his detention violates both statute and the Constitution. Id. ¶ 13. Although Petitioner does not say so explicitly, the substance of his Petition indicates that Petitioner's request for relief is premised on the assertion that he is detained pursuant to 8 U.S.C. § 1226. See id. ¶ 13 ("Both INA § 236(a) and 8 C.F.R. § 1236.1(d) explicitly delegate authority to Immigration Judges to 'release the alien, and determine the amount of bond, if any.' By refusing to exercise jurisdiction, the BIA's ruling is in direct contradiction to the statutes and violates basic principles of statutory interpretation."). Petitioner asks this court to "order the Immigration Court to conduct a bond hearing." Copy of Pet. ¶ 15 [Doc. No. 11].

Respondents assert that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), as Petitioner "fits the statutory definition of an applicant for admission as he is present in the United States and he has not been admitted" and is therefore subject to mandatory detention. Resp'ts' Abbrev. Resp. 2-3 [Doc. No. 10]. Respondents also "acknowledge this Court's prior decision in [Doe v. Moniz, __ F. Supp. 3d ___, 2025 WL 2576819 (D. Mass. Sept. 5, 2025)] likely guides the result in this case if the Court adheres to its reasoning." Id. at 1.

Nothing in the record indicates that Petitioner is detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds that the reasoning in Doe remains correct and is again unpersuaded by the Board of Immigration Appeals' decision in Matter of Yujare Hurtado, 29 I&N Dec. 216 (B.I.A. 2025) on which Respondents rely. See Elias Escobar v. Hyde, 2025 WL 282334, at *3 (D. Mass. Oct. 3, 2025) (collecting cases reaching the same conclusion as to Matter of Yajure Hurtado). See also Cordero v. Hyde, 2025 WL 3043415, at *5 (D. Mass. Oct. 31, 2025) (Matter of Yajure Hurtado is "unpersuasive and does not change the analysis").

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than November 24, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

    IT IS SO ORDERED.

November 17, 2025                                        /s/ Indira Talwani
                                                                                    United States District Judge